UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>                Plaintiff<br><br>v.<br><br>DCB AND ASSOCIATES, LLC,<br><br>DOUGLAS BRAY, and<br><br>JAY SMITH,<br><br>                Defendants. | Civil Action |

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Jurisdiction and Venue

This is an Action for copyright infringement and damages under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq*. Plaintiff alleges that Defendants, DCB and Associates, LLC, Douglas Bray and Jay Smith reproduced and used a copyrighted aerial photograph that is owned and registered to the Plaintiff, without Plaintiff's permission or authority. Plaintiff is also seeking damages against Defendants under the Digital Millennium Copyright Act ("DMCA") for altering, obliterating or removing Plaintiff's copyright management information ("CMI") from said photograph and/or from the metadata to said photograph and in displaying and/or distributing said photograph with the CMI removed in violation of 17 U.S.C. § 1202.

Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and proper venue exists under 28 U.S.C. § 1400(a).

## The Parties

1.      Plaintiff, DAVID GORDON OPPENHEIMER, (hereinafter, "Oppenheimer" or "Plaintiff") is a professional photographer who has a principal address of P. O. Box 8105, Asheville, North Carolina  28814.

2.      Defendant, DCB AND ASSOCIATES, LLC is a Massachusetts limited liability company duly organized by law, with a principal place of business at 232 Clarendon Street, Boston, Suffolk County, Massachusetts 02116.  DCB and Associates, LLC conducts business under its own name as well as under the name "Century 21 Cityside."  Both DCB and Associates, LLC and Century 21 Cityside are hereinafter referred to jointly as "DCB".

3.      Defendant, DOUGLAS BRAY (hereinafter, "Bray"), is an individual.  At all times material hereto, Bray was the sole manager of DCB, and he continues to serve as one of the managers of DCB.

4.      Defendant, JAY SMITH (hereinafter, "Smith"), is an individual who at all times material hereto was a sales associate at DCB located at 232 Clarendon Street, Boston, Suffolk County, Massachusetts 02116.

## Introductory Facts

5.      Oppenheimer is the author and copyright claimant of an aerial photograph of the Back Bay section of Boston, Massachusetts (hereinafter, the "Photograph").  A copy of the Photograph is attached hereto as "Exhibit A" and is incorporated herein by reference.

6.      The Photograph was registered with the U.S. Copyright Office under the title, "*Travel Aerial and Event Photographs taken in 2018 by David Oppenheimer*."  The individual

Photograph is identified in said registration with the contents title

"*Back_Bay_Boston_aerial_real_estate_7888.jpg*" and is listed on the last section of page 4 of the

copyright registration certificate.  The registration, with an effective date of September 26. 2019,

was given Registration Number VAu 1-373-056.  A copy of the copyright registration certificate

is attached hereto as "Exhibit B" and is incorporated herein by reference.

## COUNT I
(Copyright infringement claim against DCB)

7.  Oppenheimer re-alleges and incorporates paragraphs 1 through 6 above, as if all of said paragraphs were restated herein in their entirety.

8.  In or around September, 2019, Oppenheimer published the Photograph on his website and made it available for print sales and licensing (See: https://performanceimpressions.com).

9.  The Photograph was published by Oppenheimer with copyright management information ("CMI") prominently displayed on the face of the Photograph itself and with a notice of copyright in an adjacent caption, as well as embedded within its metadata.

10.  Upon information and belief, DCB and/or its agents, servants or employees copied the Photograph without Plaintiff's permission or authority, and distributed and displayed the Photograph on DCB's website.  A copy of one of the uses of said Photograph by DCB is attached hereto as "Exhibit C" and is incorporated herein by reference.

11.  DCB and/or its agents, servants or employees have infringed Oppenheimer's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States without the permission or authority of Oppenheimer in violation of 17 U.S.C. § 106.

12. Upon information and belief, DCB has benefitted from the unauthorized use and infringement of the Photograph, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

13. As a result of the actions of DCB and/or its agents, servants or employees, Oppenheimer is entitled to injunctive relief, plus his actual damages and any profits earned by DCB that are attributable to the infringement. Oppenheimer reserves his right to elect an award of actual damages and any profits earned by DCB that are attributable to the infringement, or alternatively may elect for the court to issue an award of statutory damages in an amount ranging from $750 and up to $30,000. However, if this court finds that DCB committed the infringement willfully, Oppenheimer may elect to seek an award of statutory damages in a sum up to $150,000. In either event, Oppenheimer is seeking his attorney's fees and costs under 17 U.S.C. § 505 as part of the damages.

## COUNT II
(Violations of the Digital Millennium Copyright Act against DCB)

14. Oppenheimer re-alleges and incorporates paragraphs 1 through 13 above as if all of said paragraphs were restated herein in their entirety.

15. As is his pattern and practice, Plaintiff clearly marked the Photograph that he displayed with copyright management information ("CMI") on the face of the image itself, as well as embedded as metadata, and/or in adjacent captions. Oppenheimer's CMI on the Photograph contains a legible copyright notice, as does the CMI in the metadata for the Photograph with the additional statement, "All Rights Reserved." Oppenheimer's CMI also contains licensing instructions for the use and licensing of the Photograph as well as Oppenheimer's address, phone number and email address. Oppenheimer does this to distinguish

his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses to use his photographs and to ensure that anyone who merely views his images appreciates that Oppenheimer owns all rights to his photographs including the copyrights.

16. Upon information and belief, DCB, its agents, servants, or employees, willfully disregarded Oppenheimer's CMI in, on and around the Photograph, and in violation of the Digital Millennium Copyright Act ("DMCA") altered, obscured, and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph and displayed and/or distributed the Photograph without Plaintiff's permission in violation of 17 U.S.C. § 1202.

17. As a result thereof, under 17 U.S.C. § 1203, Oppenheimer has been damaged and he is entitled to his actual damages, plus any profits of DCB, its agents, servants, or employees, that are attributable to its violations of the DMCA that are not taken into account in computing actual damages. However, Plaintiff reserves his right to elect an award of actual and profit damages for each DMCA violation, and in lieu thereof, or alternatively upon election, requests that the court award statutory damages in a sum not less than $2,500 or more than $25,000 for each violation of each subsection of 17 U.S.C. § 1202.

## COUNT III
(Vicarious Liability against Bray for Copyright Infringement)

18. Plaintiff realleges Paragraphs 1 through 13 hereof, as if said paragraphs had been repeated herein in their entirety.

19. At all times material hereto, Bray was the person in charge of the business of DCB. Additionally, Bray had a direct financial interest in DCB and its activities, and he had the right and ability to supervise the activities of DCB including those of its agents, servants and employees.

20. Bray is vicariously liable to Oppenheimer for infringing Oppenheimer's copyright to the Photograph in violation of 17 U.S.C. § 106, by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States without the permission or authority of Oppenheimer on DCB's website and/or social media site. A copy of one of the uses of said Photograph is attached hereto as "Exhibit C" and is incorporated herein by reference.

21. Upon information and belief, Bray has benefitted from the unauthorized use and infringement of the Photograph, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

22. As a result of the actions of Bray, Oppenheimer is entitled to injunctive relief, plus his actual damages and any profits earned by Bray that are attributable to the infringement. Notwithstanding, Oppenheimer reserves his right to elect an award of actual damages and any profits earned by Bray that are attributable to the infringement, or alternatively, may elect for the court to issue an award of statutory damages in an amount ranging from $750 and up to $30,000. However, if this court finds that Bray committed the infringement willfully, if elected, Oppenheimer may seek an award of statutory damages in a sum up to $150,000. In either event, Oppenheimer is seeking his attorney's fees and costs under 17 U.S.C. § 505 as part of the damages.

## COUNT IV
(Vicarious Liability against Bray for Violations of the Digital Millennium Copyright Act)

23. Plaintiff realleges Paragraphs 1 through 13 hereof, as if said paragraphs had been repeated herein in their entirety.

24. At all times material hereto, Bray was the person in charge of DCB's business, and he had a direct financial interest in DCB and its activities, including the right and ability to supervise the activities of DCB including those of its agents, servants and employees.

25. Bray is vicariously liable for willfully disregarding Oppenheimer's CMI in, on and around the Photograph, and in violation of the Digital Millennium Copyright Act ("DMCA") altered, obscured, and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph and displayed and/or distributed the Photograph without Plaintiff's permission in violation of 17 U.S.C. § 1202.

26. As a result thereof, under 17 U.S.C. § 1203, Oppenheimer has been damaged and he is entitled to his actual damages, plus any profits of Bray, its agents, servants, or employees, that are attributable to its violations of the DMCA that are not taken into account in computing actual damages. However, Plaintiff reserves his right to elect an award of actual and profit damages for each DMCA violation, and in lieu thereof, or alternatively upon election, requests that the court award statutory damages in a sum not less than $2,500 or more than $25,000 for each violation of each subsection of 17 U.S.C. § 1202.

27. Bray is personally liable for each violation of Oppenheimer's rights of each subsection of 17 U.S.C. § 1202 under 17 U.S.C. 1203(c)(3)(B), and also for attorney's fees under 17 U.S.C. § 1203(b)(5).

## COUNT V
(Copyright infringement claim against Smith)

28. Oppenheimer re-alleges and incorporates paragraphs 1 through 13 above, as if all of said paragraphs were restated herein in their entirety.

29. Upon information and belief, Smith copied the Photograph without Plaintiff's permission or authority, and distributed and displayed the Photograph on his own website and/or

one or more of his social media sites.  A copy of one of the uses of said Photograph by Smith is attached hereto as "Exhibit C" and is incorporated herein by reference.

30. Smith has infringed Oppenheimer's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States without the permission or authority of Oppenheimer in violation of 17 U.S.C. § 106.

31. Upon information and belief, Smith has benefitted from the unauthorized use and infringement of the Photograph, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

32. As a result of the actions of Smith, Oppenheimer is entitled to injunctive relief, plus his actual damages and any profits earned by Smith that are attributable to the infringement. Notwithstanding, Oppenheimer reserves his right to elect an award of actual damages and any profits earned by Smith that are attributable to the infringement, or alternatively may elect for the court to issue an award of statutory damages in an amount ranging from $750 and up to $30,000. However, if this court finds that Smith committed the infringement willfully, if elected, Oppenheimer may seek an award of statutory damages in a sum up to $150,000.  In either event, Oppenheimer is seeking his attorney's fees and costs under 17 U.S.C. § 505 as part of the damages.

## COUNT VI
(Violations of the Digital Millennium Copyright Act against Smith)

33. Oppenheimer re-alleges and incorporates paragraphs 1 through 13 above as if all of said paragraphs were restated herein in their entirety.

34. As is his pattern and practice, Plaintiff clearly marked the Photograph that he displayed on his website with his copyright management information ("CMI") on the face of the image itself, and/or in adjacent captions, as well as embedded as metadata. Oppenheimer's CMI on the Photograph contains legible copyright notices, as does the CMI in the metadata for the Photograph with the additional statement, "All Rights Reserved." Oppenheimer's CMI also contains licensing instructions for the use and licensing of the Photograph as well as Oppenheimer's address, phone number and email address. Oppenheimer does this to distinguish his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses to use his photographs and to ensure that anyone who merely views his images appreciates that Oppenheimer owns all rights to his photographs including the copyrights.

35. Upon information and belief, Smith willfully disregarded Oppenheimer's CMI in, on and around the Photograph, and in violation of the Digital Millennium Copyright Act ("DMCA") altered, obscured, and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph and displayed and/or distributed the Photograph without Plaintiff's permission in violation of 17 U.S.C. § 1202.

36. As a result thereof, under 17 U.S.C. § 1203, Oppenheimer has been damaged and he is entitled to his actual damages, plus any profits of Smith that are attributable to its violations of the DMCA that are not taken into account in computing actual damages. However, Plaintiff reserves his right to elect an award of actual and profit damages for each DMCA violation, and in lieu thereof, or alternatively upon election, requests that the court award statutory damages in a sum not less than $2,500 or more than $25,000 for each violation of each subsection of 17 U.S.C. § 1202.

WHEREFORE, Plaintiff, DAVID OPPENHEIMER demands judgment against Defendants, DCB, Bray, and Smith, jointly and severally as follows:

a) That Defendants be required to deliver up for impoundment the originals and all copies of the Photograph in all forms whatsoever, which are in their possession or under their control, including all printed copies and all copies in magnetic, electronic and digital format, as well as all copies posted or displayed on any of Defendants' websites and social media pages, and that Defendants be permanently enjoined from using said Photograph in the future in any way whatsoever.

b) That Defendants be required to pay to Oppenheimer such actual damages as he has sustained in consequence of the unauthorized use and infringement of Oppenheimer's copyright to the Photograph, and to account for all gains, profits and advantages derived by all Defendants from their use and infringement of the Photograph;

c) In lieu of Plaintiff's actual damages and the profits earned by Defendants, that Defendants be required to pay to Plaintiff such Statutory Damages as to the Court shall appear just within the provisions of the Copyright Act in a sum not less than $750 nor more than $30,000, or if the Court finds that the infringements were committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000;

d) That Defendants pay Plaintiff his actual damages and the profits earned by them, or in lieu thereof that Defendants be required to pay to Plaintiff such Statutory Damages as to the Court shall appear just within the provisions of the Digital Millennium Copyright Act in a sum not less than $2,500 nor more than $25,000;

  e)  That Defendants pay Plaintiff his costs together with reasonable attorney's fees in an amount to be determined by this Court;

  f)  That Plaintiff have such other and further relief as is deemed to be just and proper.

## PLAINTIFF CLAIMS TRIAL BY JURY

            David Gordon Oppenheimer,
            By his attorney,

            */s/ Andrew D. Epstein*

Date: February 12, 2025      _____
            Andrew D. Epstein (BBO#155140)
            Andrew D. Epstein & Associates
            99 Rockland Street
            Swampscott MA  01907
            Direct Tel: (617) 272-5700
            Email:  photolaw@aol.com